UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

ANDREW BRYANT SHEETS                    Case #

Plaintiffs

V

Matthew Woelk, in personal and professional capacity

City of Punta Gorda,

Charllotte County,

Charllotte County Event Manager, Michelle, Maldonado – Flores, in personal and professional capacity

Ron Janz, in personal and professional capacity

Weiser Security,

Defendants

## COMPLAINT AND JURY DEMAND.

Pro Se ANDREW B SHEETS brings the following Complaint and Jury Demand.

**INTRODUCTION**

"Whatever differences may exist about interpretations of the First Amendment, there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs." *Mills v. Alabama*, 384 U.S. 214, 218 (1966)

## JURISDICTION AND VENUE

This court has subject matter over jurisdiction this matter pursuant to 28 U.S.C section 1331 and 1343(a)(3) as well as 42. U.S.C section 1983 and Florida Law.

Venue in this judicial district and division is proper pursuant two 28 U.S.C. Section 1391(b) and M.D. Fla. Loc. R. 1.02

## PARTIES

ANDREW B SHEETS is a resident of Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

Matthew Woelk is a Police officer for the City of Punta Gorda. In Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

CITY OF PUNTA GORDA is a municipality; in Punta Gorda Florida, in Charlotte County during relevant times of this Complaint.

Michelle, Maldonado – Flores is a Charlotte County employee in Charlotte County during relevant times of this Complaint.

Ron Janz, employee of Weiser Security in Charlotte County during relevant times of this Complaint.

Weiser Security, is company who was contracted by Charlotte County to do security, who's employees we're in Charlotte County during relevant times of this complaint.

Charlotte County is a U.S. County in Florida.

## FACTUAL ALLEGATIONS

1. Charlotte Harbor event and Conference Center herein Event Center is located at 75 Taylor Street, Punta Gorda, FL 33950 and is controlled by Charlotte County.

2. Plaintiff is a God fearing neurodivergent journalist; obsessed with bringing the truth to the American people.

3. Plaintiff received a journalistic tip from a friend. That friend stated to Mr. Sheets he was being investigated for engaging in Second Amendment activities.

4. Mr. Sheets who is a well seasoned journalist; that believes in freedom and the constitution took it upon himself to break this news story; that involves Government corruption in Charlotte County.

5. Mr. sheets is well versed in records request, Florida's concept of open government and sunshine laws were written to benefit the people and to expose government corruption.

6. Mr. Sheets records request; uncovered an unconstitutional database of gun owners that was being maintained by the Charlotte County sheriff.

7. This database is a violation of Florida law and showed that the county sheriff committed multiple felonies by creating this database.

8. Plaintiff Sheets exposed his findings to multiple gun rights groups. Mr. sheets also felt that it was important as a journalist; to inform the public about his findings.

9. On January 24th 2021 Mr. sheets was in front of the Charlotte County Event Center engaged in political speech. Not only was Mr. Sheets engaged in protest he was also engaged in the publication of journalism and the collection of content. Plaintiff

records all interactions, with government officials. These interactions are then posted, to social media. This is Plaintiff's journalism.

10. Plaintiff's speech was not only protected by the 1st amendment, Mr. sheet's protest was also protected by the Charlotte County facility rules.

11. Solicitation of petitions, pamphleteering, demonstrating, protesting or carrying banners or signs anywhere inside of County buildings or conveyances, or in areas where such activities are otherwise prohibited on County lands. However, these activities may be done in an orderly manner outside of the entryway of any County-owned building, on any public sidewalk or public right-of-way near or adjacent to any County-owned building, or in areas otherwise designated for expressive activity, provided they do not impede ingress or egress; interfere with the use of County facilities by visitors, employees or County officials; or harass visitors, employees or County officials. (Charlotte County facility rules 7.)

12. In doing so plaintiff exposed that the Charlotte County Sheriff was committing multiple felonies, and violating lawful gun owners rights to privacy.

13. Mr. Sheet's 1st amendment activity in front of the Event Center included Mr. sheets holding a large sign that showed the actual database, with names of individuals who's right we're being violated by the Charlotte County government.

14.



15. Ron Janz, call the Punta Gorda Police Department to get plaintiff trespassed for plaintiffs protected speech.

16. It should be noted that the incident report shows up Ron Janz; called the police not because of plaintiff's activity but because of plaintiff's identity. The incident report

shows that Mr Sheet was being targeted for his viewpoint, based off Plaintiffs history and the content of the Mr. Sheets journalism.

17. Incident report states the following: " he is security and was told if Andrew showed up to call the police."

18. Defendant Matthew Woelk shows up to the scene, the body camera evidence shows that Defendant Woelk knew, Plaintiff was engaged in First Amendment Activity. The video evidence also shows Woelk used a trespass warning to end Mr. Sheets Protected Activity.

19. Defendant Woelk states to Defendant Ron Janz; " yeah it doesn't matter; freedom of speech.  He's allowed to, he's allowed to, he's allowed to do, this!  But what he feeds off of;  is people who get upset by it, and come up and confront him. If people would just ignore him he, would get tired and go away.  …  it's fine as soon as I give him this he's gonna be out of here."

20. There is also body camera video between Defendant Woelk; and Defendant Michelle, Maldonado – Flores.

21. Defendant Woelk asks Defendant Flores: " did anyone come in and complain about him to you?"

22. Defendant Flores: " no no no I was just setting up outside and I heard someone shouting, and I looked and he was there.

23. Defendant Woelk, also shows he is aware of Mr. Sheets Journalism; and gives the name of Mr. Sheets Media company. "he has his own channel "Cop Watch."

24. Incident report shows that Mr. Sheets was trespassed for offensive literature on his shirt and his sign.

25. Plaintiff was wearing a body camera during the incident. Body camera shows that he never harassed any individual. Body camera shows that individuals attending the gun show we're interested about the sheriff's illegal database.

## Charlotte County, City of Punta Gorda and Weiser security.

## Failure to train.

## Monell

26. Charlotte County, City of Punta Gorda and Weiser security, employees on multiple occasions have targeted plaintiff for his First Amendment activities specifically for his viewpoint. Charlotte County, City of Punta Gorda and Weiser security has failed to properly train its employees on viewpoint discrimination. This lack of training has caused constitutional violations against the plaintiff.

**Due Process Trespass warning**

27. Not being able to challenge or appeal trespass warnings violates procedural due process. The ease with which trespass warnings may be issued is particularly problematic here because the trespass ordinance provides no procedural means for a warning-recipient to challenge the warning. An evident process for such challenges has significant value in avoiding mistakes. Even if it is impractical for Defendant Woelk, to provide a pre-warning hearing to "assure that there are reasonable grounds to support" the trespass warning, Defendant Woelk must provide some post-deprivation procedure to satisfy the requirements of the Due Process Clause.

**CLAIM ONE:**

**42 U.S.C. § 1983**

**First Amendment – Violation Regarding Free Speech and Free Press**

**Viewpoint Discrimination**

(Defendants Matthew Woelk, Michelle, Maldonado – Flores, Ron Janz)

28. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

29. Plaintiff's speech and expression were related to matters of public concern.

30. On 01/24/2021 Ron Janz did call Punta Gorda Police Department for a lawful protest that plaintiff was conducting on the sidewalk in front of the Event Center.

31. On 01/24/2021 Matthew Woelk, and Michelle, Maldonado did trespass plaintiff for a lawful protest in front of the Event Center.

32. Defendants Matthew Woelk, Michelle, Maldonado – Flores, Ron Janz worked in concert to trespass defendant; because of the profanity on defendant shirt, and because defendant was exposing an illegal gun owner database, ran by the Charlotte County sheriff.

33. The right to disseminate journalism to the public and collect content is Free Press conduct protected by the 1st amendment.

34. The right to politically protest in front of the Event Center is conduct protected by the 1st amendment.

35. Defendants decision to trespass Andrew Sheets for disseminating journalism and collect content and for Sheets Political Protest, is a viewpoint restriction on speech.

36. Defendants decision to trespass Andrew Sheets, had a chilling effect on Plaintiffs First Amendment activities.

37. Defendants actions occurred while they was acting under the color of law.

38. Defendants, conduct, violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants position knew or should have known.

39. Defendants, engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

## CLAIM TWO

### 42 U.S.C. § 1983

**First Amendment – Violation Regarding Free Press**

## Prior Restraint

### (Ron Janz)

40. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

41. Plaintiff's speech and expression were related to matters of public concern.

42. On 01/24/2024 Ron Janz Called the Police, on Plaintiff, simply because Plaintiff showed up at the Event Center.

43. This phone call led to Plaintiff being trespassed from the event center.

44. Video evidence shows Plaintiff never harassed Anyone outside of the event center

45. The Plaintiff's rights to protest, engage in journalism, and gather content for journalistic purposes constitute conduct protected by the First Amendment's guarantees of freedom of speech and freedom of the press .

46. Defendant call of the police for Plaintiff showing up at the Event Center, did cause a prior restraint on Plaintiffs Free Press / Free speech.

47. Ron Janz calling the police led to trespass order, this did cause a Prior restraint of Plaintiffs Free Press/ Free speech Activities at the Event Center for one year.

48. Defendants did prevent Plaintiff Sheets from collecting video, and or information for future journalistic stories and from protesting at the Event Center.

49. Defendant's actions had a chilling effect on Plaintiff's Free Press/Speech.

50. Defendant was acting under the color of law.

51. Defendant's, conduct, violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendant's position knew or should have known.

52. Defendant, engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

### CLAIM THREE:

### 42 U.S.C. § 1983

**First Amendment – Violation Regarding Free Speech and Press.**

**Retaliation**

(Defendants Matthew Woelk, Michelle, Maldonado – Flores, Ron Janz)

53. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

54. Plaintiff's speech and expression were related to matters of public concern.

55. On 01/24/2021 Ron Janz did call Punta Gorda Police Department for a lawful Protest and Free press activities that plaintiff was conducting on the sidewalk in front of the Event Center.

56. On 01/24/2021 Matthew Woelk, and Michelle, Maldonado did trespass plaintiff for a lawful protest in front of the Event Center.

57. The actions of Ron Janz, Matthew Woelk, and Michelle, led to the plaintiff being trespassed from the event center for one year.

58. The right to disseminate journalism to the public and collecting of content is Free Press conduct protected by the 1st amendment.

59. The right to politically protest in front of the Event Center is conduct protected by the 1st amendment.

60. Defendants retaliated against Plaintiff for, disseminate journalism to the public and collecting of content and did trespass Plaintiff for his Free Press/ Free Speech.

61. Defendants retaliated against Plaintiff for, a political protest and did trespass Plaintiff for his Free Press/ Free Speech.

62. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of First Amendment rights.

63. Defendants did decide to trespass, Mr. sheets for his 1st amendment activities at the event center.

64. Defendants sought to punish Plaintiff for exercising his First Amendment rights and to silence Mr. Sheet's future speech and restrict Plaintiff's freedom of expression, and Free Press.

65. Defendants were acting under the color of law.

66. Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

67. Defendants, conduct, violated clearly established rights belonging to Andrew Sheets of which reasonable persons in Defendants position knew or should have known.

68. Defendants, engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM FOUR:**

**42 U.S.C. § 1983**

**FIRST AMENDMENT VIEWPOINT DISCRIMINATION**

**Deliberate Indifference for Failure to Train**

**Monell violations**

(Charlotte County, City of Punta Gorda and Weiser security,)

69. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

70. On multiple occasions plaintiff was trespassed because of his viewpoint by employees of Charlotte County, City of Punta Gorda and Weiser security.

71. Defendants through their procedures, policies, practices, and customs are the moving force of the constitutional violations against Plaintiff.

72. This is a clear violation of viewpoint discrimination.

73. Untrained City employees violated Mr. sheets rights more than once, and show a pattern of similar constitutional violations

74. Defendants demonstrate, a deliberate indifference and a failure to train, it's employees properly on viewpoint discrimination.

75. Defendants Untrained employees were acting under the color of law.

76. Defendants through their procedures, policies, practices, and customs engaged in conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

**CLAIM FOUR:**

**42 U.S.C. § 1983**

**FIFTH AND FOURTEENTH Amendment – Procedural Due Process**

(Matthew Woelk)

77. All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

78. On 01/24/2024 Defendant Woelk, issued a trespass warning to plaintiff.

79. This trespass warning was a retaliation for plaintiff engaging in Free speech/ Free Press in front of the Event Center.

80. Trespass warning issued by Defendant for Andrew Sheets constitutionally protected activity is a prior restraint on Free Press and Free Speech that last for at least one year.

81. Plaintiff Not being able to challenge or appeal trespass warnings violates procedural due process.

82. The Defendant's Trespass warning, provides no procedural means for a warning-recipient to challenge the warning, both pre Trespass warning and post Trespass warning.

83. The Defendant's Trespass warning does not have an exception for First Amendment protected Activities.

84. Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

85. Defendant was acting under the color of law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Sheets entitled to compensatory damages from Defendants Charlotte County, City of Punta Gorda and Wiser security; compensatory and punitive damages from Defendants Matthew Woelk, Michelle, Maldonado – Flores, Ron Janz, and an award of reasonable costs.

## JURY DEMAND

Plaintiff requests a trial by jury in this matter.

*/S/ ANDREW BRYANT SHEETS*

*ANDREW BRYANT SHEETS*

*11408 PEPPERDINE ST*

*PUNTA GORDA,FL,33955*

*deprivationofrightsunderlaw@gmail.com*

*1/23/2025*