UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

       Plaintiff,

    v.

                         Case No. 2:25-cv-61-JLB-KCD

MATTHEW WOELK, IN
PERSONAL AND PROFESSIONAL
CAPACITY;  CITY OF PUNTA
GORDA, MUNICIPALITY;
CHARLLOTTE COUNTY, RON
JANZ, IN PERSONAL AND
PROFESSIONAL CAPACITY;
WEISER SECURITY, MICHELLE
MALDONADO-FLORES,
CHARLOTTE COUNTY EVENT
MANAGER;

       Defendants,

_____/

## <u>ORDER</u>

Plaintiff Andrew Bryant Sheets sues a host of defendants under the First Amendment. (*See* Doc. 37.) His claims stem from an incident where he protested outside the Charlotte County Event Center and was trespassed. (*Id.* ¶¶ 19, 23.)

Defendant Officer Matthew Woelk has moved to dismiss the complaint based on qualified immunity. (Doc. 43.) He now asks the Court to stay discovery while his motion awaits disposition. All Defendants also move for a protective order to limit Sheet's discovery requests served on April 10, 2025.

(Doc. 60.)[1] Sheets responded in opposition. (Doc. 61.) For the reasons below, Defendants' motion is granted in part and denied in part.

Under Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion. *Caicedo v. DeSantis*, No. 6:23-CV-2303-JSS-RMN, 2024 WL 1579675, at *1 (M.D. Fla. Apr. 11, 2024).[2] But staying discovery is the exception, not the rule. *See* Middle District Discovery Handbook (2021) at 5. The pendency of a dispositive motion "will not justify a unilateral motion to stay discovery pending [its] resolution." *Id*.

Instead, "a stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Garvin v. Effingham Cnty. Sch. Dist.*, No. CV423-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024). This is because "[d]elays in discovery can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Caicedo*, 2024 WL 1579675, at *1.

Also relevant here, the Eleventh Circuit has recognized that immunity claims often call for protection from discovery because subjecting officials to

---

[1] This document is not paginated, so the Court refers to the page numbers generated by its electronic filing system.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

traditional discovery for acts where they are immune would undercut the protection immunity was meant to afford. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."); *Overcash v. Shelnutt*, 753 F. App'x 741, 746 (11th Cir. 2018) ("The very purpose of the immunity defenses raised by the judicial and officer defendants is to protect them from having to bear the burdens attendant to litigation."); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (finding that the trial court abused its discretion when it ordered the defendant to submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted").

Because Officer Woelk's motion to dismiss raises serious questions about the viability of the complaint that must be resolved before he is burdened with discovery and other pretrial obligations, a stay is appropriate. (Doc. 43.) If Officer Woelk is indeed entitled to qualified immunity, his motion to dismiss will dispose of Sheets' entire case against him and moot any discovery.

Sheets' arguments about the need for discovery are unpersuasive when weighed against Officer Woelk's immunity claims. Further, Sheets has

3

already responded to the motions to dismiss without discovery. (Doc. 57.) When ruling on a motion to dismiss, the Court considers only the complaint and any other judicially noticed facts. Discovery is simply unnecessary for the Court to decide the issues now before it.[3]

As mentioned, the remaining Defendants seek to limit discovery under Federal Rule 26(b)(2)(C). (Doc. 60 at 8-11.) They note that Sheets has already served hundreds of discovery requests, including requests for admission, interrogatories, and requests to produce, many of which are improper. (Docs. 60-1—60-12; Doc. 60 at 4-7.)

The Court "on motion or on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance." *Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013).

---

[3] The other individual defendants—Maldonado and Janz—also move to stay discovery, but it isn't clear on what grounds. (Doc. 60 at 1, 11.) Their motions to dismiss do not raise qualified immunity (Docs. 40, 45), and Defendants do not otherwise present any reason that discovery should be stayed for these individuals.

Much of the discovery Sheets has served is improper, overbroad, and unduly burdensome. For example, many requests have no temporal limit. Without any temporal bounds, the discovery is unreasonable. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015); *Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5196093 (S.D. Fla. Nov. 9, 2017) ("There is generally no binding authority limiting discovery to a certain period; rather, the time period must be reasonable given the factual circumstances of the case."). And some requests for production request "any and all" communications, which are generally improper. *See, e.g.*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1309-10 (11th Cir. 2011) (rejecting request for "[a]ny and all documents that support, evidence, prove or relate to the allegations made"); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2008 WL 4279693, at *2 (M.D. Fla. Sept. 15, 2008) (holding that a request for all communications is overbroad); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). By way of another example, document request number ten seeks every document, record, or communication containing "Andrew Sheets" for the past six years. (Doc. 60-3 at 2.) Literally construed, this discovery calls for every record related to Sheets, no matter how irrelevant to his underlying claims. Rule 26 allows reasonable discovery, not all-encompassing discovery.

Finally, some requests for admission improperly call for legal conclusions. For example, number 137 asks Defendants to admit that "the City of Punta Gorda knew that its administrative ordinance violation hearings involved constitutional questions, including alleged retaliation for exercising First Amendment rights." (Doc. 60-1 at 16.) Although Rule 36(a) authorizes a party to serve a request for admission relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law. *See Disability Rts. Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact. It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion.... For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36.").

For these reasons, the discovery in its current form is stricken. Sheets may serve more targeted discovery on Defendants that complies with Federal Rule 26. It is thus **ORDERED**:

1. Defendants' Joint Motion for Protective Order and Motion to Stay Discovery (Doc. 60) is **GRANTED IN PART AND DENIED IN PART**.

2. Discovery and the requirements of Federal Rule of Civil Procedure 16 are stayed as to Defendant Matthew Woelk pending a decision on his motion to dismiss. (Doc. 43.) The request to stay discovery for the other individual defendants is **denied**.

3. Defendants' request to limit discovery is granted. Sheets' discovery is stricken. He may serve more targeted discovery on Defendants that complies with Federal Rule 26.

**ENTERED** in Fort Myers, Florida on May 23, 2025.

Kyle C. Dudek
United States Magistrate Judge