UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

v.

MATTHEW WOELK, IN PERSONAL AND PROFESSIONAL CAPACITY; CITY OF PUNTA GORDA, MUNICIPALITY; CHARLOTTE COUNTY, RON JANZ, IN PERSONAL AND PROFESSIONAL CAPACITY; WEISER SECURITY, MICHELLE MALDONADO-FLORES, CHARLOTTE COUNTY EVENT MANAGER;

      Defendants,

Case No. 2:25-cv-61-JLB-KCD

## **ORDER**

Plaintiff Andrew Bryant Sheets sues a host of defendants under the First Amendment and 42 U.S.C. § 1983. (*See* Doc. 37.)[1] His claims stem from an incident where he was trespassed from the Charlotte County Event Center. (*Id.* ¶¶ 19, 23.) Defendants Weiser Security Services, Inc. and Ron Janz (collectively "Defendants") have moved to dismiss the complaint. (Docs.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

44, 45.) Defendants now seek to stay discovery "pending resolution of their motions." (Doc. 63.) Sheets responded in opposition. (Doc. 65.)

Staying discovery pending a motion to dismiss is the exception, not the rule. This is because suspending discovery indefinitely "tend[s] to delay resolution of cases." *Fetchick v. Eslinger*, No. 6:15-CV-96-ORL-28TBS, 2016 WL 8929252, at *1 (M.D. Fla. Jan. 11, 2016); *see also* Middle District of Florida, Civil Discovery Handbook, *E. Timeliness and Sanctions*. In assessing whether to stay discovery until a motion is decided, the court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Garvin v. Effingham Cnty. Sch. Dist.*, No. CV423-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024).

The Court declines to stay discovery here. Although Defendants have raised several defenses that could limit this case, their motions will not entirely resolve it. Defendants' arguments for dismissal primarily concern pleading deficiencies. "When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give . . . an opportunity to amend [the] complaint instead of dismissing it." *Duff v.*

2

*Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). It cannot be said that there are no conceivable facts from which liability might arise against Defendants. Given this case could arguably proceed in some form, Defendants have not "satisf[ied] the high standard required to stay discovery pending the resolution of a dispositive motion." *Markle v. Markle*, No. 8:22-CV-511-CEH-TGW, 2023 WL 1797171, at *2 (M.D. Fla. Feb. 7, 2023); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal").

For these reasons, Defendants' Motion to Stay Discovery Pending Resolution of their Motions to Dismiss (Doc. 63) is **DENIED**.

Also before the Court is Plaintiff's motion to compel. (Doc. 64.) According to Plaintiff, Defendants have not answered discovery from several months ago. (*Id.* at 1.) No response to the motion was filed, and the time to do so expired. So the Court treats the motion as unopposed. *See* Local Rule 3.01.

When discovery is not timely answered, as here, the Federal Rules provide that a party may move for an order compelling compliance. *See* Fed. R. Civ. P. 37(a)(3). And Defendants' pending motion to stay discovery did not "excuse [them] from complying with the requested or scheduled discovery." Middle District of Florida, Civil Discovery Handbook, *A. Effect of Filing a Motion for a Protective Order*. With no response in opposition, the Court

**GRANTS** the motion to compel. **Within 14 days of this order, Defendants must answer the outstanding discovery**. *See Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-CV-962-J-39JBT, 2014 WL 12617735, at *1 (M.D. Fla. May 7, 2014) ("In general, objections not made in responses to discovery requests are normally waived."); *see also Gray v. Fla. Beverage Corp.*, No. 6:18-CV-1779-ORL-31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019).

Finally, Plaintiff asks for "reasonable costs under Fed. R. Civ. P. 37(a)(5)." (Doc. 64.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO 3 Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Defendants did not provide the discovery and are now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or

4

"other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Defendants have not carried their burden to avoid Rule 37. Indeed, they offer no opposition to the motion. That ends the matter—the Court "must order [Defendants] to pay the reasonable expenses . . . caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023). Within 14 days of this order, the parties must meet and confer about the expenses Plaintiff reasonably incurred in making the motion. If the parties cannot agree on an award, Plaintiff must submit a motion, which includes necessary supporting documents detailing his reasonable expenses, if he wishes to pursue such relief.

**ORDERED** in Fort Myers, Florida on August 1, 2025.

Kyle C. Dudek
United States Magistrate Judge