120699-4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:25-cv-00061-KCD-DNF

ANDREW B. SHEETS,

    Plaintiff,

vs.

MATTHEW WOELK, in personal and
professional capacity; CITY OF PUNTA GORDA;
Charlotte County Event Manager, MICHELLE
MALDONADO-FLORES, in personal and
professional capacity; RON JANZ, in personal and
professional capacity; CODY WALDROP, in
personal and professional capacity

    Defendants.
_____/

**<u>DEFENDANT, RON JANZ'S MOTION TO DISMISS,
PLAINTIFF'S SECOND AMENDED COMPLAINT OR
ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT</u>**

COMES NOW, the Defendant, RON JANZ ("JANZ"), pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and moves to Dismiss Plaintiff's Second Amended Complaint, or in the alternative, moves for a More Definite Statement, and states in support as follows:

**INTRODUCTION**

1. Plaintiff, Andrew B. Sheets, files this action under 42 U.S.C. §1983 for alleged violations of Plaintiff's First and Fourteenth Amendment Rights under the U.S. Constitution. Plaintiff seeks permanent injunctive relief, declaratory relief, nominal damages, and punitive monetary damages from the Defendants.

CASE NO. 2:25-cv-00061-KCD-DNF

2. Plaintiff identifies himself as a God-fearing neurodivergent journalist; obsessed with bringing the truth to the American people. *See* Sec. Amend. Compl. at ¶ 10 (D.E. 75). Plaintiff alleges that on January 24, 2021, Plaintiff attempted to expose his findings of an unconstitutional database of gun owners allegedly maintained by the Charlotte County sheriff at the Charlotte County Event Center (the "Property"). *Id* at ¶¶ 14-17. Plaintiff alleges that while engaging in this activity, JANZ, an employee of Weiser, called the Punta Gorda Police Department to remove him from the Property. *Id* at ¶ 26.

3. Plaintiff alleges that the removal from the Property is an example of "Viewpoint Discrimination" and is a violation of the Plaintiff's First and Fourteenth Amendment rights.

4. Count Four seeks to hold JANZ liable under 42 U.S.C. § 1983 based on an alleged conspiracy to violate Plaintiff's First Amendment rights to free speech and free press.

5. Such claim fails because (a) Plaintiff failed to adequately plead the cornerstone requirement of a § 1983 action – that JANZ was acting under the color of state law, and (b) Plaintiff has not, and cannot, allege any specific facts—beyond mere conclusory allegations—to support the essential elements of a claim against JANZ.

6. For these reasons, JANZ respectfully moves to dismiss all claims asserted against him in Plaintiff's Second Amended Complaint, as Plaintiff has failed to state a claim against JANZ upon which relief can be granted.

**LEGAL STANDARDS**

7. When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000). A complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

8. Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The determination of whether a complaint states a plausible claim forrelief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. If the plaintiff fails to meet this pleading standard, then the complaint is subject to dismissal pursuant to Rule 12(b)(6).

9. A motion for more definite statement under Rule 12(e) is properly directed toward a pleading that "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). "The notice pleading requirements of Rule 8(a) are considered when evaluating a motion for more definite statement." *White v. Ideagear*, LLC, No. 8:14-CV-2975-T-26MAP, 2015 WL 1927504, at *2 (M.D. Fla. Apr. 28, 2015). Generally, Rule 12(e) is

CASE NO. 2:25-cv-00061-KCD-DNF

directed towards pleadings that lack "sufficient specificity to provide adequate notice*." Barthelus v. G4S Gov't Solutions, Inc*., 752 F.3d 1309, 1313 n.6 (11th Cir. 2014).

## ARGUMENT

**I.    JANZ IS DUE TO BE DISMISSED AS A DEFENDANT BECAUSE JANZ IS NOT A STATE ACTOR WITHIN THE MEANING OF 42 U.S.C. §1983.**

The Fourteenth Amendment "erects no shield against merely private conduct." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 129596 (2d Cir. 1991) (*citing Blum v. Yaretsky*, 457 U.S. at 1002). *See also*, *Tancredi v. Metropolitan Life Insurance Co., et. al.*, 316 F.3d 308, 312 (2d Cir. 2003). Section §1983's "under color of law" requirement is treated as the same thing as the 'state action ' requirement under the Constitution. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) (*quoting United States v. Price*, 383 U.S. 787, 794 n.7 (1966). "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

To prevail in an action brought under 42 U.S.C. §1983, plaintiff must satisfy a two-pronged test. First, he must allege facts showing that the person to be liable was acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Second, he must prove that he was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

CASE NO. 2:25-cv-00061-KCD-DNF

Generally, the "under color of state law" requirement excludes from Section 1983's reach mere private conduct, no matter how wrongful. *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). If there is no state action alleged, the Section 1983 claim "must" be dismissed. *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Thus, for Plaintiff to bring this Section 1983 action against JANZ, a private individual, he must demonstrate that the conduct allegedly causing the deprivation of his alleged constitutional right was committed by JANZ as a state actor. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Private parties are state actors for Section 1983 purposes "only in rare circumstances." *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992); *see* also *Florida Country Clubs, Inc.*, 98 F. Supp. 2d at 1365 ("As this Court and the Eleventh Circuit have previously stated, it is extremely difficult for a plaintiff to satisfy the threshold sufficiency that is necessary for a court to find that a private individual has acted as a state actor for purposes of considering an alleged section 1983 violation"). Indeed, to meet the state action requirement, a plaintiff must demonstrate that the "conduct at issue is 'fairly attributable to the State.'" *Green v. Abony Bail Bond*, 316 F. Supp. 2d 1254, 1258 (M.D. Fla. 2004). "Conduct is fairly attributable to the State where: (1) it is 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible'; and (2) where the party charged with the deprivation is a person who may 'fairly be said to be a state actor'" for purposes of Section 1983. *Id* (*citing Am. Manufacturers Mut. Ins. Co.*, 526 U.S. 40 at 50).

For JANZ to be deemed a state actor, Plaintiff's allegations must meet one of the following three tests: (1) the State coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that

CASE NO. 2:25-cv-00061-KCD-DNF

was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ("nexus/joint action test"). *Harvey*, 949 F.2d at 1130; *Rayburn*, 241 F.3d at 1347.

None of the above-mentioned circumstances is alleged in the Second Amended Complaint. Indeed, the facts alleged in Plaintiff's Second Amended Complaint do not even assert that Defendant was acting pursuant to a right or privilege under Florida law. Rather, Plaintiff's Second Amended Complaint contains merely conclusory allegations that "Defendants actions occurred while they was acting under the color of law." *See* Sec. Amend. Compl. at ¶ 104 (D.E. 75). Plaintiff's conclusory allegations lack any factual support that supports Plaintiff's assertion that JANZ deprived Plaintiff of a constitutional right while acting under color of state law.

The only factual connection between JANZ and Charlotte County is that he is employed by Weiser Security, a private entity that has contracted with Charlotte County to provide security services at the Charlotte Harbor Event and Convention Center, a county-owned building. But these facts are not enough to transform JANZ's private action of supplying security services for an event for his private employer into a state action. *See e.g., Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003)("[T]he mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government[.]; *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1027 (11th Cir. 1988) (rejecting the proposition that a private party's "actions constituted state action merely because [it] held its convention in a public building"); *Shepherd v. Wilson*, No. CV 15-00373-KD-N, 2015 WL 9685562, at *6 (S.D. Ala. Dec. 22, 2015) (no state action where law

CASE NO. 2:25-cv-00061-KCD-DNF

enforcement was used to remove the plaintiff from an event); *Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("When a security situation arises, private businesses that call the police do not transform themselves into state actors.").

Accordingly, as a private individual employed by a private company, JANZ is not a state actor, and no amendment will cure this legal deficiency in Plaintiff's Second Amended Complaint. Thus, it is clear that Plaintiff has failed to and cannot allege any viable claim under Section 1983. Therefore, Defendant JANZ respectfully requests that he be dismissed from Plaintiff's Second Amended Complaint with prejudice.

## II. PLAINTIFF'S SECOND AMENDED COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

In addition to the general pleading shortcomings addressed above, Plaintiff's Second Amended Complaint is the textbook example of a "rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely [what Plaintiff is] claiming." *Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997). The first paragraph of each count incorporates by reference all factual allegations contained within the Second Amended Complaint, but—even within the Second Amended Complaint—it is unclear which allegations pertain to which (if any) count. *See* Sec. Amend. Compl. ¶¶ 8-55 (D.E. 75). *See also Cramer v. Florida,* 117 F.3d 1258, 1261 (11th Cir. 1997) (noting that a complaint "so disorganized and ambiguous that it is almost impossible to discern precisely" what is being claimed is a shotgun pleading); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding that a complaint requiring the reader to speculate which facts support each count is a shotgun pleading).

In essence, Plaintiff's Second Amended Complaint is a textbook example of "throw everything at the wall and see what sticks" – the Second Amended Complaint sets forth a single set of non-specific, conclusory allegations that form the basis of four different causes of action without specifying which, if any, support any particular claim. Courts in the Eleventh Circuit have "little tolerance for shotgun pleadings" because they require an analysis and parsing through of Plaintiff's claims, "wast[ing] scarce judicial resources, inexorably broaden[ing] the scope of discovery, wreak[ing] havoc on appellate court dockets, and undermin[ing] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 20018). Accordingly, the Court should dismiss Plaintiff's Second Amended Complaint as to JANZ, or in the alternative, require Plaintiff to file a more definite statement.

**WHEREFORE**, for the foregoing reasons, the Court should enter an Order granting this Motion and dismissing JANZ from Plaintiff's action with prejudice, and awarding any other relief that is just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(G), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the issues.

                                                        */s/ Jacob J. Liro*
                                                        Jacob J. Liro, Esquire

Dated: 11/17/2025

                            Respectfully submitted,

                            */s/ Jacob J. Liro*
                            Jacob J. Liro, Esquire (32720)

CASE NO. 2:25-cv-00061-KCD-DNF

JLiro@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939
Facsimile:    (305) 441-1745
Attorneys for Ron Janz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on November 17, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_____
Jacob J. Liro, Esquire

## SERVICE LIST

Andrew B. Sheets
11408 Pepperdine St.
Punta Gorda, FL 33955
PRO SE
Telephone:    (941) 916-2259
Facsimile:
(Pro Se Plaintiff), deprivationofrightsunderlaw@gmail.com

Tiernan Cole, Esquire
Office of the Charlotte County Attorney
18500 Murdock Circle, Suite 573
Port Charlotte, FL 33948
Telephone:    (941) 743-1330
Facsimile:    (941) 743-1550

CASE NO. 2:25-cv-00061-KCD-DNF

(Counsel for Defendant, Charlotte County), Tiernan.Cole@CharlotteCountyFL.gov, Tiffany.Hummel@CharlotteCountyFL.gov, County.Attorney@CharlotteCountyFL.gov

David R. Jadon, Esquire
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone:    (407) 897-5150
Facsimile:    (407) 897-3332
(Counsel for Defendants, Matthew Woelk and City of Punta Gorda), djadon@roperpa.com, lramirez@roperpa.com


J. Andrew Talbert, Esquire
Quintairos, Prieto, Wood & Boyer, P.A.
114 E. Gregory Street, 2nd Floor
Pensacola, FL 32501
Telephone:    (850) 434-6490
Facsimile:    (850) 434-6491
and Diane M. Longoria, Esquire (and Diane M. Longoria, Esquire (Counsel for Defendant, Michelle Maldonado-Flores), atalbert.pleadings@qpwblaw.com, diane.longoria@qpwblaw.com, dshally@qpwblaw.com, melissa.smith@qpwblaw.com