UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,
    Plaintiff,

v.

                                Case No. 2:25-CV-61-JLB-KCD

MATTHEW WOELK,
In Personal Capacity;
CITY OF PUNTA GORDA;
CODY WALDROP, in personal capacity,
MICHELLE MALDONADO - FLORES,
in personal capacity;
RON JANZ, in personal capacity;
WEISER SECURITY;
    Defendants.
_____/

### DEFENDANT MALDONADO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

    MICHELLE MALDONADO – FLORES ("Maldonado"), pursuant to Fed. R. Civ. P. 4, 8, 10, 12(b)(5), and 12 (b)(6), moves to dismiss the Second Amended Complaint and Demand for Jury Trial, docketed herein as (ECF 75), (the "Second Amended Complaint"), with prejudice, and as grounds states:

### 1. INTRODUCTION

    On November 5, 2025, Plaintiff, ANDREW BRYANT SHEETS ("Sheets"), filed his Second Amended Complaint, with only one claim alleged against

Maldonado— **CLAIM FOUR:** 42 U.S.C. §1983 – Conspiracy -First Amendment Violation Regarding Free Speech and Free Press in which Plaintiff sues three other defendants—Woelk, Waldrop, and Janz. (ECF 75, at pages 24-26) Plaintiff identifies Maldonado as an employee of ASM Global, and purports to sue her "in personal capacity." (ECF 75)  However, Plaintiff fails to sufficiently plead the essential elements of a §1983 conspiracy claim, by pleading bare conclusions that Maldonado was acting under color of state law, that Maldonado agreed to a plan to violate Plaintiff's First Amendment rights, and that Maldonado took an overt act in furtherance of "the plan." Accordingly, the Second Amended Complaint fails to state a claim against Maldonado and should be dismissed as to Maldonado, in her individual capacity, with prejudice.

Notwithstanding the foregoing, the Second Amended Complaint, like the original Complaint, and the First Amended Complaint is also due to be dismissed because it remains a classic "shotgun pleading" that violates two categories of such a pleading resulting in failure to give Maldonado, and other defendants, "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Moreover, **_Plaintiff failed to number any paragraphs_**, in clear violation of Rule 10(b), making it nearly impossible to plead in response. *See* Federal Rules of Civil Procedure 10(b).

## 2. MEMORANDUM OF LAW
### A. Motion To Dismiss Standard

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require detailed factual allegations" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Where a plaintiff is unable to state a cause of action and further leave to amend the complaint is futile, claims should be dismissed with prejudice. *See Muhammad*

v. *JPMorgan Chase Bank*, NA, 567 Fed. App'x 851, 853-54 (11th Cir. 2014); *Locke v. SunTrust Bank*, 484 F.3d 1343 (11th Cir. 2007).

### B. Failure to State First Amendment 42 U.S.C. § 1983 Claims.

Count Four seeks to hold Maldonado liable under 42 U.S.C. § 1983 based on an alleged conspiracy to violate Plaintiff's First Amendment rights to free speech and free press. (ECF 75, at pages 24-26))

To state a claim under § 1983, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Put in this context, "the First [Amendment] do[es] not apply to private parties unless those parties are engaged in activity deemed to be state action." *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988); *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 349, 95 S. Ct. 449, 452-53, 42 L. Ed. 2d 477 (1974)( The Fourteenth Amendment, and, through it, the First Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be "state action.")

"Only in rare circumstances can a private party be viewed as a state actor for

4

[§] 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit has recognized three tests to determine whether state action exists sufficient to hold private parties, such as Maldonado, liable as a "State actor." This court must conclude that one of the following three conditions has been sufficiently alleged: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private party performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test"). *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) *quoting NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988). *See also Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Plaintiff has not alleged sufficient facts to support *any* of these tests.

-**No State Compulsion Alleged**. The first "State compulsion test" conditions are not met because Plaintiff does not allege facts to show that any governmental entity coerced or significantly encouraged Maldonado's actions related to issuance of the trespass warning. *Id.* In fact, Plaintiff does not allege any facts to show that Maldonado engaged in any substantive way in issuance of the trespass warning and specifically that *any* action taken by Maldonado caused

5

Matthew Woelk, law enforcement officer for the City of Punta Gorda, to issue the trespass warning. Thus, no state action is alleged under the State compulsion test.

**-No Public Function Alleged**. Next, Plaintiff has no allegations that speak to the "public function test" nor could Plaintiff truthfully make such allegations because it is common knowledge that management of an event and conference center is NOT "a public function that was traditionally the exclusive prerogative of the State." *Id.*

**-No Nexus or Joint Action Alleged**. Finally, Plaintiff has not alleged sufficient facts to satisfy the "nexus/joint action test." The relevant inquiry under the nexus/joint action test is whether "the State has so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." *NBC*, 860 F.2d at 1026-27. To charge a private party with State action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Id.* at 1027 (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)). The Supreme Court has indicated that the symbiotic relationship must involve the "**'specific conduct of which the plaintiff complains.'**" *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51, 143 L. Ed. 2d 130, 119 S. Ct. 977 (1999)(*quoting Blum v. Yaretsky*, 457 U.S. 991, 1004, 73 L. Ed. 2d 534, 102 S. Ct.

2777 (1982)); *see also NBC*, 860 F.2d at 1027 (noting that the "Supreme Court has suggested **that the symbiotic relationship must involve the alleged constitutional violation.**"). *Rayburn v. Hogue*, 241 F.3d 1341, 1348.

Plaintiff fails to allege a single fact that would tend to show that Maldonado was in a "symbiotic relationship" with any government entity that encouraged issuance of trespass warnings at the Charlotte Harbor Event and Conference Center. *See Rayburn v. Hogue*, 241 F.3d 1341, 1348 ( 11th Cir. 2001)("… private conduct is fairly attributable only when the State has had some affirmative role, albeit one of encouragement short of compulsion, *in the particular conduct underlying a claimant's civil rights grievance.*") In fact, the particular conduct at issue here is a trespass warning that Plaintiff alleges violated Charlotte Harbor Event and Conference Center rules, which, if true (which it is not) the County would certainly not encourage or sanction in any way. Moreover, the mere fact that a State entity regulates a private party is not sufficient to make that party a State actor. *Id., citing Blum*, 457 U.S. at 1004; *American Mfrs. Mut. Ins.*, 526 U.S. at 57.

For the element that Maldonado acted under color of state law Plaintiff alleges only that ***"Defendants actions occurred while they were acting under the color of law."*** (ECF 75, Claim Four, page 26) Plaintiff cannot create state action with legal conclusions masquerading as facts. What matters are the facts, not the

labels Plaintiff assigns to Maldonado. *See, e.g., Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1371 (S.D. Fla. 2014) ("Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.").

Plaintiff's conclusory and vague allegations are not near enough to transform Maldonado's private action of managing an event for her private employer into a state action. *See, e.g., Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) ("[T]he mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government[.]"); *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1027 (11th Cir. 1988) (rejecting the proposition that a private party's "actions constituted state action merely because [it] held its convention in a public building"); *Shepherd v. Wilson*, No. CV 15-00373-KD-N, 2015 WL 9685562, at *6 (S.D. Ala. Dec. 22, 2015) (no state action where law enforcement was used to remove the plaintiff from an event); *Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("When a security situation arises, private businesses that call the police do not transform themselves into state actors.").

"The possession of a permit to perform on public property what are ordinarily private functions does not convert the permit holder into a state actor." *United Auto Workers, Loc. No. 5285 v. Gaston Festivals, Inc.*, 43 F.3d 902, 910

8

(4th Cir. 1995). This principle ensures that private organizations, like ASM Global, "that wish to use public property to organize festivals, fairs, rallies, parades, or meetings, are not chilled from doing so by the possibility that they will be subject to liability as if they were agents of the government." *Id.; see also Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003).

Plaintiff's claims against Maldonado under § 1983 do not state a cause of action and are due to be dismissed, with prejudice. *See Nat'l Broad. Co. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1024 (11th Cir. 1988).

### C. Failure to State a Claim For Conspiracy- Claim Four

For the reasons argued by the other defendants, all of the purported predicate constitutional violations alleged against other defendants fail to state a cause of action. By extension, a claim for conspiracy to commit those violations also fails and is subject to dismissal. To state a § 1983 conspiracy claim, Plaintiff must first plausibly allege an underlying denial of his constitutional rights. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998). Plaintiff's conspiracy claim fails on this element alone because, as argued by the other defendants, Plaintiff has not alleged ***any*** First Amendment violations against other defendants.

Even if he had, Plaintiff must also show that Maldonado "reached an understanding" with the other defendants to violate his Free Speech rights. *Rowe v.*

9

*City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (*quoting Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988), *overruled in part on other grounds by Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir. 1996)).

Plaintiff fails to plead underlying facts sufficient to state a claim for conspiracy against Maldonado. Nowhere does Plaintiff allege a plan or that Maldonado agreed to the plan. The single action taken by Maldonado alleged in the Second Amended Complaint is her responding to Officer Woelk's question, as follows:

> Defendant Woelk asks Defendant Maldonado: "did anyone come in and complain about him to you ?"
> Defendant Maldonado: " no no no I was just setting up outside and I heard someone shouting, and I looked and he was there."

(ECF 75, at page 16)

On its face, and as a matter of law, this single act by Maldonado, taken as true, does not show that that Maldonado entered an agreement with the other defendants to violate Plaintiff's Free Speech rights.

Plaintiff does not allege any facts on ***how, when, where*** Maldonado conspired or agreed with any other Defendant to facilitate violation of his Free Speech rights. Plaintiff still relies on the barest, conclusory allegations of the purported conspiracy, with zero factual support, for all essential elements against Maldonado:

-Again, for the element that Maldonado acted under color of state law Plaintiff alleges only that *"Defendants actions occurred while they were acting under the color of law."* (ECF 75, Claim Four, page 26)

-For the conspiracy elements that there was a plan to violate Plaintiff's rights and that Maldonado agreed to that plan Plaintiff makes only the conclusory allegation that *"All defendants did have an agreement and or meeting of the minds to violate plaintiff's First Amendment rights."* (ECF 75, Claim Four, page 26)

-For the conspiracy element of engaging in an overt act Plaintiff makes only the purely conclusory allegation that *"Cody Waldrop, Maldonado-Flores, and Ron Janz engaged in overt acts to make this trespass happen."* (ECF 75, Claim Four, page 26)

Plaintiff's Second Amended Complaint is due to be dismissed because of the absence of any viable predicate constitutional claim, lack of any substantive allegations to show Maldonado engaged in state action, and the lack of any substantive facts on how, when, where, and with whom Maldonado **reached an agreement** to violate plaintiff's First Amendment rights.

### D. The Complaint Is An Impermissible Shotgun Pleading.

A complaint must contain "a short and plain statement of the claim showing

11

that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Further, "[a] party must state its claims . . . ***in numbered paragraphs***, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). (emphasis added) A complaint that fails to adhere to the basic requirements of Rules 8 and 10 may be classified as a shotgun pleading. *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id* at 1323.

Here, just as the original Complaint and the First Amended Complaint, the

Second Amended Complaint violates at least the first two categories of impermissible shotgun pleadings. On the first category, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* (ECF 75, Claim One, at page 19; Claim Two, at page 20; Claim Three, at page 22; and Claim Four, at page 24) [1] The result here is that every single ***unnumbered*** allegation Plaintiff made in the first 23 pages, including three different claims against three different defendants, in is incorporated by reference into the only claim made against Maldonado, which is an impermissible and incomprehensible combination of the entire complaint.

Second, the Complaint is still replete with vague, cursory, and conclusory allegations. As discussed above, Plaintiff still relies on bare, conclusory allegations, with zero factual support, for all essential elements against Maldonado.

Here, due to the comingled and conclusory shotgun allegations the Second Amended Complaint simply fails to give Maldonado adequate notice of the basis

---

[1] This also applies to Claim One since it incorporates "all statements of fact set forth previously" which includes a full 18 pages of unnumbered paragraphs and operates to combine all allegations made in support of all claims against every defendant. Comingling ***all*** factual and background allegations in this way is a type of impermissible shotgun pleading.

of the conspiracy claim alleged against her. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings violate Rule 8(a)(2), which requires a "short and plain statement" showing entitlement to relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

As a result, the Court should dismiss the Complaint as an impermissible shotgun pleading. *Id.*

### 3. CONCLUSION

WHEREFORE, Defendant Maldonado requests an order dismissing CLAIM FOUR from Plaintiff's Second Amended Complaint *with prejudice*; and, striking and/or dismissing any claims for compensatory and punitive damages; and, awarding any other relief that is just and proper.

### Local Rule 3.01(g) Certification

On November 17, 2025, I conferred with pro-se litigant ANDREW BRYANT SHEETS via email on the grounds for this motion to dismiss and Plaintiff replied that he opposes this motion.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th [~~17th~~] day of November 2025, I electronically filed the foregoing document with service to all counsel of record via the ECF portal. I also certify that a copy of the foregoing document has been furnished to Pro Se Plaintiff, Andrew Bryant Sheets at service email

federallawsuti4freespeech@gmail.com and to 11408 Pepperdine St., Punt Gorda, FL 33950 via US Mail.

/s/ Diane M. Longoria

**J. Andrew Talbert**
Florida Bar No.: 0106003
**Diane M. Longoria**
Florida Bar No.: 0755834
Quintairos, Prieto, Wood & Boyer, P.A.
114 East Gregory Street, 2nd Floor
Pensacola, FL 32502
Telephone: (850) 434-6490
Facsimile: (850) 434-6491
Atalbert@qpwblaw.com
Diane.longoria@qpwblaw.com
Attorneys for Defendant,
Michelle Maldonado - Flores