IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION


ANDREW BRYANT SHEETS                    Case # 2:25 cv 00061

Plaintiffs

V

Matthew Woelk, in personal

City of Punta Gorda,

Michelle, Maldonado – Flores, in personal

Ron Janz, in personal

Defendants

---

**RESPONSE TO DEFENDANT MALDONADO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc # 82)**

Pro se ANDREW BRYANT SHEETS, responds to  DEFENDANT MALDONADO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc # 82)


2nd AC: here in SECOND AMENDED COMPLAINT AND JURY DEMAND ( Doc # 75)

MTD: here in DEFENDANT MALDONADO'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT (Doc # 82)

## Legal standard

Complaints brought *pro se* are "held to a less stringent standard than pleadings
drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d
1171, 1175 (11th Cir. 2011).

Dismissal of a pro se complaint is **not warranted unless it appears beyond doubt**
that the plaintiff can prove no set of facts that would entitle him to relief. ***Haines v.
Kerner***, 404 U.S. 519, 520–21 (1972

Previously, we have held that we accept allegations in a complaint as true and
construe them in the light most favorable to the plaintiff. *White v. Lemacks,* 183
F.3d 1253, 1255 (11th Cir.1999). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,
127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)

The standards that apply to dismissal under Fed.R.Civ.P. 12(b)(6) apply to
dismissal under § 1915A(b)(1). ***Jones v. Bock,*** 549 U.S. 199, 216, 127 S.Ct. 910,
921, 166 L.Ed.2d 798 (2007). That is, although the complaint need not provide
detailed factual allegations, there "must be enough to raise a right to relief above
the speculative level," and must contain enough facts to state a claim that is
"plausible on its face." ***Bell Atl. Corp. v. Twombly,*** 550 U.S. 544, 555, 570,127

S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007); see also ***Watts v. Florida*** Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007).

"When the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions." ***United States v. Playboy Ent. Grp., Inc.***, 529 U.S. 803, 816 (2000) (citations omitted).

B. <u>**Failure to State First Amendment 42 U.S.C. § 1983 Claims.**</u>

Count Four seeks to hold Maldonado liable under 42 U.S.C. § 1983 based on an alleged conspiracy to violate Plaintiff's First Amendment rights to free speech and free press. (ECF 75, at pages 24-26))

To state a claim under § 1983, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Put in this context, "the First [Amendment] do[es] not apply to private parties unless those parties are engaged in activity deemed to be state action." *Nat'l Broad. Co. v. Commc'ns Workers of Am.,* ***AFL-CIO,*** 860 F.2d 1022, 1024 (11th Cir. 1988); *Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 349, 95 S. Ct. 449, 452-53, 42 L. Ed. 2d 477 (1974)( The

Fourteenth Amendment, and, through it, the First Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be "state action.")

"Only in rare circumstances can a private party be viewed as a state actor for

[§] 1983 purposes." *Harvey v. Harve y,* 949 F.2d 1127, 1130 (1 lth Cir. 1992). The Eleventh Circuit has recognized three tests to determine whether state action exists sufficient to hold private parties, such as Maldonado, liable as a "State actor." This court must conclude that one of the following three conditions has been sufficiently alleged: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private party performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test"). *Rayburn v.*
***Hogue,*** 241 F.3d 1341, 1347 (11th Cir. 2001) *quoting **NBC, Inc.** v.*

*Communications Workers ofAmerica,* 860 F.2d 1022, 1026-27 (11th Cir. 1988). *See also Willis v. Univ. Health Servs., Inc.,* 993 F.2d 837, 840 (llth Cir. 1993). Plaintiff has not alleged sufficient facts to support *any* of these tests.

-**No State Compulsion Alleged.** The first "State compulsion test" conditions are not met because Plaintiff does not allege facts to show that any governmental entity coerced or significantly encouraged Maldonado's actions related to issuance of the trespass warning. *Id.* In fact, Plaintiff does not allege any facts to show that Maldonado engaged in any substantive way in issuance

of the trespass warning and specifically that *any* action taken by Maldonado caused

Matthew Woelk, law enforcement officer for the City of Punta Gorda, to issue the trespass warning. Thus, no state action is alleged under the State compulsion test.

**-No Public Function Alleged.** Next, Plaintiff has no allegations that speak to the "public function test" nor could Plaintiff truthfully make such allegations because it is common knowledge that management of an event and conference center is NOT "a public function that was traditionally the exclusive prerogative of the State." *Id.*

**-No Nexus or Joint Action Alleged.** Finally, Plaintiff has not alleged sufficient facts to satisfy the "nexus/joint action test." The relevant inquiry under the nexus/joint action test is whether "the State has so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." *NBC,* 860 F.2d at 1026-27. To charge a private party with State action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Id.* at 1027 *quoting Jackson v. MetropolftaTl Edison Co. ,* 419 U.S. 345, 357, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)). The Supreme Court has indicated that the symbiotic relationship must involve the **"'specific conduct of which the plaintiff complains.'"** *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 51, 143 L. Ed. 2d 130, 119 S. Ct. 977

(1999)(quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004, 73 L. Ed. 2d 534, 102 S. Ct.

2777 (1982)); *see also NBC,* 860 F.2d at 1027 (noting that the "Supreme Court has suggested that **the symbiotic relationship must involve the alleged constitutional violation.").** *Rayburn v. Hogue,* 241 F.3d 1341, 1348.

Plaintiff fails to allege a single fact that would tend to show that Maldonado was in a "symbiotic relationship" with any government entity that encouraged issuance of trespass warnings at the Charlotte Harbor Event and Conference Center. *See Rayburn v. Hogue,* 241 F.3d 1341, 1348 ( 11ᵗʰ Cir. 2001)("... private conduct is fairly attributable only when the State has had some affirmative role, albeit one of encouragement short of compulsion, *in the particular conduct underlying a claimant's civil rights grievance.")* In fact, the particular conduct at issue here is a trespass warning that Plaintiff alleges violated Charlotte Harbor Event and Conference Center rules, which, if true (which it is not) the County would certainly not encourage or sanction in any way. Moreover, the mere fact that a State entity regulates a private party is not sufficient to make that party a State actor. *Id., Cfting Blum,* 457 U.S. at 1004; *American Mfrs. Mut. Ins.,* 526 U.S. at 57.

For the element that Maldonado acted under color of state law Plaintiff alleges only that ***"Defendants actions occurred while they were acting under the color of law."*** (ECF 75, Claim Four, page 26) Plaintiff cannot create state action with legal conclusions masquerading as facts. What matters are the facts, not the

labels Plaintiff assigns to Maldonado. *See, e.g., Garcia v. Kashi Co.,* 43 F. Supp. 3d 1359, 1371 (S.D. Fla. 2014) ("Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.").

Plaintiffs conclusory and vague allegations are not near enough to transform Maldonado's private action of managing an event for her private employer into a state action. *See, e.g., Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) ("[T]he mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government[.]"); *Nat'l Broad. Co. v. Commc'ns WorkeFs ofAm.,* **AFL-CIO,** *860 F.2d 1022, 1027 (11th Cir. 1988) (rejecting the proposition that a private party's "actions constituted state action merely because [it] held its convention in a public building"); Shepherd v. Wilson, No. CV 15-00373-KD-N, 2015 WL 9685562, at \*6 (S.D. Ala. Dec. 22, 2015) (no state action where law enforcement was used to remove the plaintiff from an event); Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("When a security situation arises, private businesses that call the police do not transform themselves into state actors.").

*"The possession of a permit to perform on public property what are ordinarily private functions does not convert the permit holder into a state actor." United Auto Workers, Loc. No. 5285 v. Gaston Festivals, Inc.*, 43 F.3d 902, 910 (4th Cir. 1995). *This principle ensures that private organizations, like ASM Global, "that wish to use public property to organize festivals, fairs, rallies, parades, or meetings, are not chilled from doing so by the possibility that they will be subject to liability as if they were agents of the*

*government*|*" Id.; see also Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003).* **(MTD P. 4-9)**

**<u>Maldonado did have an understanding and was a willful participate in the conspiracy to violate Plaintiff's rights. The involvement in the conspiracy transforms a private person into a state actor, acting under the color of law.</u>**

Although appointed counsel in a state criminal prosecution does not act "under color of" state law in the normal course of conducting the defense, *Polk County* v. *Dodson*, <u>454 U.S. 312</u>, an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights, *Dennis* v. *Sparks*, <u>449 U.S. 24</u>. Pp. 919-920.

***Tower v. Glover,*** 467 U.S. 914, (1984)

First, a private citizen can be held liable when he or she conspires with a state actor to deprive the plaintiff of his constitutional rights. *See id.* ; *Adickes v. S. H. Kress & Co.* , <u>398 U.S. 144, 152</u>, <u>90 S.Ct. 1598</u>, <u>26 L.Ed.2d 142</u> (1970). Second, the state can make an active choice to partner with a private entity in a way that can impart liability.

***Charles v. Johnson,*** 18 F.4th 686, 696 (11th Cir. 2021)

"Plaintiff identifies Maldonado as an employee of ASM Global, and purports to sue her "in personal capacity."(MTD P. 2)

**<u>Failure to State a Claim For Conspiracy- Claim Four</u>**

For the reasons argued by the other defendants, all of the purported predicate constitutional violations alleged against other defendants fail to state a cause of action. By extension, a claim for conspiracy to commit those violations also fails and is subject to dismissal. To state a § 1983 conspiracy claim, Plaintiff must first plausibly allege an underlying denial of his constitutional rights. *GJR Investments, Inc. v. County ofEscambia, Fla.,* 132 F.3d 1359, 1370 (1 lth Cir. 1998). Plaintiff s conspiracy claim fails on this element alone because, as argued by the other defendants, Plaintiff has not alleged <u>any</u> First Amendment violations against other defendants.

Even if he had, Plaintiff must also show that Maldonado "reached an understanding" with the other defendants to violate his Free Speech rights. *Rowe v.*

*City of Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) *quoting Strength v.*

*Hubert,* 854 F.2d 421, 425 (11th Cir. 1988), *overruled in part on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir. 1996)).

Plaintiff fails to plead underlying facts sufficient to state a claim for conspiracy against Maldonado. Nowhere does Plaintiff allege a plan or that Maldonado agreed to the plan. The single action taken by Maldonado alleged in the Second Amended Complaint is her responding to Officer Woelk's question, as follows:

> Defendant Woelk asks Defendant Maldonado: "did anyone come in and complain about him to you ?"

> Defendant Maldonado: " no no no I was just setting up outside and I heard someone shouting, and I looked and he was there."

(ECF 75, at page 16)

On its face, and as a matter of law, this single act by Maldonado, taken as true, does not show that that Maldonado entered an agreement with the other defendants to violate Plaintiffs Free Speech rights.

Plaintiff does not allege any facts on ***how, when, where*** Maldonado conspired or agreed with any other Defendant to facilitate violation of his Free Speech rights. Plaintiff still relies on the barest, conclusory allegations of the purported conspiracy, with zero factual support, for all essential elements against Maldonado (MTD P.10)

> "Defendants; Ron Janz, Michelle, Maldonado – Flores, Matthew Woelk, and Cody Waldrop, did all engage in at least one overt act to further the Conspiracy.

> Defendants; Ron Janz, Michelle, Maldonado – Flores, Matthew Woelk, and Cody Waldrop, had understanding and engaged in willful participation, of the deprivation of Plaintiffs Rights. (2nd AC p.6)

Exhibit C is the Event Planning Guide: these are the rules and regulations set up for the Event Center, by ASM Global the Employer of Maldonado:

Under the "Use of facilities" (last page in the packet) its clear that all actions at the Event Center must comply with the Constitution.

Licensor reserves the right in its sole discretion to accept the Plan, or request modifications to ensure compliance with event rules imposed by the Licensor and all other applicable laws, regulations, codes, ordinances, orders or similar requirements. Licensee shall conduct business in the Facility in conformity with: (1) all ASM Global "rules and regulations" adopted or prescribed by ASM Global pursuant to a certain operating handbook, which may be amended from time to time by ASM Global, titled "Event Planning Guide", and (2) all federal, state, local, and municipal regulations, ordinances, statutes, rules, laws, constitutional provisions, and common laws, including, without limitation, fire and safety rules; the Americans with Disabilities Act (the "ADA"); environmental and hazardous materials laws; Title VI and Title VII of the Civil Rights Act of 1964, as amended; and intellectual property law and rights of others (collectively, the "Laws  (Exhibit C is the Event Planning Guide)

Also highlighted is that Mrs. Maldonado must comply with Municipal rules. Below from 2nd AC.

"Plaintiff's speech was not only protected by the 1st amendment, Mr. sheet's protest was also protected by the Charlotte County facility rule 7.

"Solicitation of petitions, pamphleteering, demonstrating, protesting or carrying banners or signs anywhere inside of County buildings or conveyances, or in areas where such activities are otherwise prohibited on County lands. However, these activities may be done in an orderly manner outside of the entryway of any County-owned

building, on any public sidewalk or public right-of-way near or adjacent to any County-owned building, or in areas otherwise designated for expressive activity, provided they do not impede ingress or egress; interfere with the use of County facilities by visitors, employees or County officials; or harass visitors, employees or County officials." (Charlotte County facility rules 7.)(2nd AC P. 4,5)

### ""Elements that prove Defendant Michelle, Maldonado – Flores. engaged in overt actions and willful participation of the conspiracy that did deprive plaintiff of this First Amendment rights.

There is also body camera video between Defendant Woelk; and Defendant Michelle, Maldonado – Flores.

> Defendant Woelk asks Defendant Maldonado: " did anyone come in and complain about him to you?"
>
> Defendant Maldonado: " no no no I was just setting up outside and I heard someone shouting, and I looked and he was there.

Defendant Maldonado admits in discovery; that she did receive copies of Charlotte County facility rules including rule 7. Charlotte County facility rules including rule 7 are posted in the Event center. Defendant Maldonado violated contractional mandates with the event center; that constitutional protections would be in effect at the event center." (2nd AC P.16)

"Defendant Maldonado admits in discovery; that she did receive copies of Charlotte County facility rules including rule 7.  Charlotte County facility rules including rule 7 are posted in the Event center.  Defendant Maldonado violated contractional mandates with the event center that constitutional protections would be in effect at the event center. Maldonado also violates Charlotte County facility rules including rule 7. Showing overt acts to further the conspiracy to deprive plaintiff's rights.

Defendant Maldonado working with defendant Woelk on body camera shows she was a willing participant.

Defendants Matthew Woelk, Cody Waldrop,  Michelle, Maldonado – Flores, and Ron Janz worked in concert to trespass defendant; because of the profanity on defendant shirt, and because defendant was exposing an illegal gun owner database, ran by the Charlotte County sheriff. (2nd AC P.25)

Maldonado running the Event Center was under a contractual obligation to uphold the U.S. Constitution and the First Amendment.  Furthermore under the same contractual obligation she was required to uphold county facility rule #7. Maldonado violating contractual obligations, show overt acts in furtherance of the conspiracy. Furthermore the conspiracy was successful as plaintiff was trespassed.

To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his

constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights. See *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir.2008)

## The Tresspass was the actionable wrong.

A plaintiff "must show that the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Board of County Commissioners of Alachua County, Fla.,* 956 F.2d 1112, 1122 (11th Cir.1992)"

## Maldonado is a State Actor under a 1983 Claim;  because she is part of the Conspiracy that violated Plaintiffs Right.

The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law.

*Adickes v. Kress Co.*, 398 U.S. 144, 150 (1970)

Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. "Private persons, jointly

engaged with state officials in the prohibited action, are acting 'under color'
of law for purposes of the statute. To act 'under color' of law does not require
that the accused be an officer of the State.

*Adickes v. Kress Co.*, 398 U.S. 144, 152 (1970)


The standard for conspiracy is very low. A mere presents; can be interpreted as the
understanding in a 1983 conspiracy.


as it did not foreclose the possibility that there was a policeman in the store while
the petitioner was awaiting service (from which the jury could infer an
understanding between the officer and an employee of respondent that petitioner
not be served), and its failure to meet that burden requires reversal. Pp. 153-159.

*Adickes v. Kress Co.*, 398 U.S. 144, 145 (1970)


"The existence or nonexistence of a conspiracy is essentially a factual issue that the
jury, not the trial judge, should decide." Adickes v. Kress Co., 398 U.S. 144, 176
(1970)


Direct proof is not necessary to properly plead a 1983 conspiracy.  However
plaintiff has provided this court with direct proof via contractual agreements and
discovery that shows Maldonado did receive copies of county rule #7. (below is
admission by Maldondo in discovery. Via screenshot)

**ADMISSION NO. 24**
**Admit that you were not instructed by Charlotte County to review Facility Rule 7**
**before requesting or supporting law enforcement action.**
**Response:  I was not an agent or employee of Charlotte County. I received the**
**Charlotte County Facility Rule 7 as part of my onboarding documents in 2018.**

We have admonished a district court for requiring direct proof of a conspiracy,
saying that "nothing more than an 'understanding' and 'willful participation'
between private and state defendants is necessary to show the kind of joint action
that will subject private parties to § 1983 liability." *Bendiburg* , 909 F.2d at 469.

*Charles v. Johnson*, 18 F.4th 686, 697 (11th Cir. 2021)

"Plaintiff still relies on the barest, conclusory allegations of the
purported conspiracy, with zero factual support, for all essential elements
against Maldonado (MTD P.10)

Exhibit X is the video of the Protest. Exhibit F is Woelk's body camera
video. Above argument already show Maldonado violating the contractional
obligations of ASM Global when she violated the Constitution and County
rule #7.

Video of the protest shows Plaintiff talking to people and holding a
sign. Exhibit F Woelk's body at 16:38 the interaction between Maldonado
and Woelk captures the understanding and the participation in the
conspiracy. Maldonado speaks of the offensive clothing. She gives her ID

showing that she understands and is participating in the tresspass of Mr. Sheets.

Woelk and Maldonado show that no patrons where harassed and that no patrons complained.

> Defendant Woelk asks Defendant Maldonado: " did anyone come in and complain about him to you?"

> Defendant Maldonado: " no no no I was just setting up outside and I heard someone shouting, and I looked and he was there.

The brief conversation shows no patrons complained, it should also be noted that No patrons called. Incident report (Exhibit E) and 911 call (Exhibit A) shows the security guard Janz called 911 after being directed by Waldrop. The conspiracy itself is what brought the police to the event center.

> Mr. Janz, Called the police, because he was directed by officers Cody Waldrop, and Wolke, the day before, if Andrew sheets showed up to call the Police. It should also be noted that the dispatcher never asked for any type of identifying characteristics. EX. Height, age, race and or weight. Yet the incident report gives a name of Andrew Sheets. No name was ever given in the 911 call. This shows pre-enforcement planning by officers Cody Waldrop, and Wolke. They clearly did not need a description; because they were the ones directing Defendant Janz to call the Police Department at the sight of Plaintiff." (2nd AC P.7-10)

**<u>Woelk knew that Plaintiff was violating no laws this was captured on his own body camera.</u>**

(Exhibit F ) AT 6:16  "Defendant Woelk states to Defendant Ron Janz; " yeah it doesn't matter; freedom of speech.  He's allowed to, he's allowed to, he's allowed to do, this!"  **...**  So just it's fine. As soon as I give him this, he's gonna be out of here.

**The entire conspiracy was captured via incident report, 911 call, Woelk body Cam.**  There is nothing conclusory about it, were it not for the Defendants involved in the conspiracy, the police would have never showed up at the event center. Plaintiff would have never been trespassed. The incident report never names a victim of anyone being harassed. Exhibit X the video of the protest shows, no one was ever being harassed.  Maldonado understood that trespassing; Plaintiff would stop his First Amendment activity.  All that's necessary to prove that Maldonado conspired to violate Mr. sheets rights,  is an understanding and a willful participation in an actionable wrong. The trespass is that actionable wrong. The understanding and willful participation is captured on Woelk's body Cam.

Maldonado is acting like there needs to be a contract or a smoking gun, but that is the opposite of what the 11th circuit requires.

"Bendiburg correctly argues, in our judgment, that the district court wrongfully required him to produce a "smoking gun" when nothing more than an "understanding" and "willful participation" between private and state defendants is necessary to show the kind of joint action that will subject private parties to Sec. 1983 liability" (***Bendiburg v. Dempsey***, 909 F.2d 463 (11th Cir. 1990)

We have admonished a district court for requiring direct proof of a conspiracy, saying that "nothing more than an 'understanding' and 'willful participation' between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability." *Bendiburg* , 909 F.2d at 469.

***Charles v. Johnson,*** 18 F.4th 686, 697 (11th Cir. 2021)

The involvement in Conspiracy by Defendant Maldonado is a triable issue that should be decide by a Jury.

The mere presence of Defendant Maldonado in this incident could be inferred as an understanding and participation.

> "On the basis of these underlying facts petitioner alleged that Kress and the Hattiesburg police had conspired (1) "to deprive [her] of her right to enjoy equal treatment and service in a place of public accommodation"; and (2) to cause her arrest "on the false charge of vagrancy."

*Adickes v. Kress Co.*, 398 U.S. 144, 149-50 (1970)

> "The second Amended complaint Gives ample facts that all parties did have an understanding and did willfully participate in the conspiracy to violate Plaintiffs first Amendment. In *Kress Co* the present of a police officer was enough for the Supreme court to overturn the Second circuit court of Appeals, and place the decision of if a conspiracy is present, in the hands of the Jury.

> "as it did not foreclose the possibility that there was a policeman in the store while the petitioner was awaiting service (from which the jury could

infer an understanding between the officer and an employee of
respondent that petitioner not be served), and its failure to meet that
burden requires reversal. Pp. 153-159.'"

*Adickes v. Kress Co.*, 398 U.S. 144, 145 (1970)


C. **The Complaint Is An Impermissible Shotgun Pleading. Plaintiff Denies
this.**


**Of the four claims only one claim involves Maldonado.**


In Claim Four Maldonado's actions in that claims are clearly labeled.


"Defendant Maldonado admits in discovery; that she did receive copies of
Charlotte County facility rules including rule 7.  Charlotte County facility
rules including rule 7 are posted in the Event center.  Defendant Maldonado
violated contractional mandates with the event center that constitutional
protections would be in effect at the event center. Maldonado also violates
Charlotte County facility rules including rule 7. Showing overt acts to
further the conspiracy to deprive plaintiff's rights.


Defendant Maldonado working with defendant Woelk on body camera
shows she was a willing participant.


Defendants Matthew Woelk, Cody Waldrop,  Michelle, Maldonado – Flores,
and Ron Janz worked in concert to trespass defendant; because of the

profanity on defendant shirt, and because defendant was exposing an illegal
gun owner database, ran by the Charlotte County sheriff." (2ⁿᵈ AC P.25)

Defendants Woelk 's decision to trespass Andrew Sheets for disseminating
journalism and collect content and for Sheets Political Protest, is a first
amendment violation. Cody Waldrop, Maldonado – Flores, and Ron Janz
engaged in overt acts to make this tresspass happen. (2ⁿᵈ AC P.26)

Maldonado actions were also clearly articulated in the factual allegations.

"There is also body camera video between Defendant Woelk; and
Defendant Michelle, Maldonado – Flores.

Defendant Woelk asks Defendant Maldonado: " did anyone come in
and complain about him to you?"

Defendant Maldonado: " no no no I was just setting up outside and I
heard someone shouting, and I looked and he was there.

Defendant Maldonado admits in discovery; that she did receive copies
of Charlotte County facility rules including rule 7.  Charlotte County
facility rules including rule 7 are posted in the Event center.
Defendant Maldonado violated contractional mandates with the event
center; that constitutional protections would be in effect at the event
center. (2ⁿᵈ AC

**In conclusion**

For the reasons stated above plaintiff asked the honorable court to deny all parts of
DEFENDANT Maldonado's Motion to dismiss.


12/8/2025

/s/ ANDREW B SHEETS PRO SE

11408 PEPPERDINE ST

PUNTA GORDA.FL,33955

deprivationofrightsunderlaw@gmail.com


CERTIFICATE OF SERVICE THRU THE COURT SYSTEM

David R. Jadon, Esquire

Roper, Townsend & Sutphen, P.A.

255 S. Orange Avenue, Suite 750

Orlando, FL 32801

Telephone: (407) 897-5150

Facsimile: (407) 897-3332

djadon@roperpa.com


JLiro@wickersmith.com

WICKER SMITH O'HARA McCOY & FORD, P.A.

2800 Ponce de Leon Blvd., Suite 800

Coral Gables, FL 33134

Telephone: (305) 448-3939

Facsimile: (305) 441-1745

Attorneys for Ron Janz


Diane M. Longoria, Esquire (and Diane M. Longoria, Esquire (Counsel for Defendant,

Michelle Maldonado-Flores), atalbert.pleadings@qpwblaw.com, diane.longoria@qpwblaw.com,

dshally@qpwblaw.com, melissa.smith@qpwblaw.com