UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v.

MATTHEW WOELK, et al.,

Defendants.

Case No.: **2:25-cv-00061-KCD-DNF**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WALDROP'S MOTION TO QUASH SERVICE AND DISMISS**

---

## I. INTRODUCTION

Plaintiff, **Andrew Bryant Sheets**, respectfully submits this Response in Opposition to Defendant **Cody Waldrop's Motion to Quash Service and Dismiss** (Doc. 90). Defendant's motion is predicated on factual inaccuracies and procedural misstatements that are directly contradicted by the record and the Court's prior rulings.

The Court **expressly granted Plaintiff leave to file an amended complaint,** and the inclusion of Defendant Waldrop was made pursuant to that authorization and supported by **newly discovered evidence obtained during discovery** revealing Waldrop's personal participation in the constitutional violations alleged. Accordingly, Plaintiff's **Second Amended Complaint (Doc. 75)** fully complies with the **Federal Rules of Civil Procedure** and with the **Court's prior Order granting leave to amend.**

Defendant's arguments—challenging service of process, characterizing the pleading as a "shotgun" complaint, and invoking qualified immunity—are **procedurally misplaced and legally unsupported.** Each is addressed and refuted in turn below. The motion should therefore be **denied in its entirety** so that this matter may proceed to resolution on the merits.

## II. PLAINTIFF FILED THE SECOND AMENDED COMPLAINT PURSUANT TO COURT ORDER

Defendant Waldrop's claim that Plaintiff "failed to obtain leave of court" is **factually incorrect** and directly contradicted by the record. The Court **explicitly granted Plaintiff permission to amend his complaint,** both recognizing the discovery of new facts and establishing a deadline for filing the amended pleading.

Pursuant to the Court's directive (**see Doc. 71**]), Plaintiff timely filed his **Second Amended Complaint (Doc. 75)** within the parameters authorized by the Court. The filing therefore complies fully with **Federal Rule of Civil Procedure 15(a)(2)** and the **Court's scheduling order.**

Defendant's contention to the contrary is procedurally meritless, misrepresents the record, and should be rejected. The Second Amended Complaint stands as the operative pleading by prior leave of this Court.

## III. AMENDMENT WAS BASED ON NEWLY DISCOVERED EVIDENCE

Defendant Waldrop's involvement in the constitutional violations **was not known to Plaintiff** until the discovery process produced new, material evidence. As stated at **pages 6–9 of the Second Amended Complaint (Doc. 75),** discovery revealed the following:

1. A **911 call recording** showing Defendant **Ron Janz** was directed by **Officer Cody Waldrop** to report Plaintiff's lawful protest activity at the Charlotte Harbor Event Center;

2. **Body-worn camera footage and incident reports** confirming pre-enforcement coordination between Waldrop and other Defendants targeting Plaintiff's **First Amendment-protected speech**; and

3. Discovery materials establishing Waldrop's **knowing participation in a coordinated effort** to suppress Plaintiff's journalistic and expressive activities.

Plaintiff could not have alleged these facts earlier because they were unavailable until discovery responses and materials were produced. Upon learning these facts, Plaintiff acted **diligently and in good faith** to amend the complaint to reflect the evidence.

Under **Rule 15(a)(2),** leave to amend should be "freely given when justice so requires." The inclusion of Defendant Waldrop was therefore both **procedurally proper and substantively justified**, ensuring that all responsible parties are before the Court.

---

## IV. PLAINTIFF'S SECOND AMENDED COMPLAINT IS NOT A "SHOTGUN PLEADING"

Defendant Waldrop's claim that the complaint constitutes a "shotgun pleading" is **unfounded** and mischaracterizes the structure of the operative complaint. The **Second Amended Complaint** complies fully with **Federal Rule of Civil Procedure 8(a)(2)** by providing a short and plain statement of the claims, supported by a clear factual basis and **separate, specific allegations as to each Defendant's conduct**.

For example:

- **Waldrop** — directed and initiated the enforcement call against Plaintiff (Doc. 75 at 8–10, 13–14);

- **Woelk** — executed the trespass warning and coordinated with Maldonado-Flores (Doc. 75 at 14–15);

- **Maldonado-Flores** — facilitated the enforcement action and admitted awareness of Plaintiff's protected protest rights (Doc. 75 at 16);

- **Janz** — acted as the conduit, carrying out Waldrop's directive to contact law enforcement (Doc. 75 at 8–10).

These allegations are **factually specific and individually attributed**, not generalized or conclusory. Each cause of action is linked to concrete evidence — including the 911 recording, body-worn camera footage, and incident reports — all of which detail the overt acts forming the basis of Plaintiff's claims.

The Eleventh Circuit has repeatedly held that a "shotgun pleading" exists only when a complaint fails to separate causes of action or indiscriminately incorporates all preceding paragraphs into every count

(*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313(11th Cir. 2015)). Plaintiff's pleading does neither. Each count is grounded in clearly defined factual allegations tied to the specific conduct of each Defendant.

Accordingly, the Second Amended Complaint meets the pleading standards of *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and **is not a "shotgun" pleading under any recognized definition.**

---

## V. QUALIFIED IMMUNITY DOES NOT APPLY

Defendant Waldrop is not entitled to qualified immunity because the actions alleged — **directing and coordinating retaliation against Plaintiff's protected First Amendment activity** — violate clearly established constitutional law.

The qualified immunity inquiry has two parts: (1) whether the facts alleged establish the violation of a constitutional right, and (2) whether that right was "clearly established" at the time of the conduct (*Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Both prongs are satisfied here.

First, Plaintiff has alleged facts showing that Waldrop intentionally directed the trespass enforcement against Plaintiff **because of Plaintiff's expressive activity** at a public venue. Such viewpoint-based retaliation **directly violates the First Amendment**. See *Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005) holding that retaliatory actions intended to chill protected expression state a constitutional violation.

Second, that right was **clearly established well before the events at issue**. The Supreme Court reaffirmed in *Lozman v. City of Riviera Beach*, 585 U.S. (2018), that officers cannot use enforcement mechanisms to suppress speech based on viewpoint or personal animus. Every reasonable officer would have known that directing another person to initiate enforcement against a peaceful protester because of expressive conduct violates the First Amendment.

Qualified immunity protects reasonable mistakes in judgment, not **intentional acts of retaliation**. The **911 recording, body-worn camera footage, and incident reports** demonstrate purposeful coordination among Defendants to suppress Plaintiff's speech. No reasonable officer could view such conduct as lawful. Accordingly, Defendant Waldrop is **not entitled to qualified immunity**.

## VI. SERVICE OF PROCESS WAS PROPER

Defendant Waldrop **has been properly served**, as reflected on the Court's docket. The return of service confirming completed service of process has been filed and accepted by the Clerk, conclusively establishing compliance with **Federal Rule of Civil Procedure 4(e)**.

Defendant received **actual notice**, retained counsel, and filed a responsive pleading addressing the merits. These facts satisfy both the procedural and constitutional requirements of notice and opportunity to be heard.

Because the docket now confirms completed service, Defendant's Motion to Quash Service is **moot**. See *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897(11th Cir. 1990) holding that actual notice and appearance through counsel waive any defect in service. No further action is required; service is complete, valid, and fully documented on the record.

## VII. CONCLUSION

Defendant's Motion to Quash Service and Dismiss (Doc. 90) misrepresents the procedural record and fails substantively under the governing law. The Court authorized amendment, the filing was timely, and the Second Amended Complaint presents specific factual allegations supported by evidence obtained in discovery.

Accordingly, Plaintiff respectfully requests that this Honorable Court:

1. **DENY** Defendant Waldrop's Motion to Quash Service and Dismiss;

2. **CONFIRM** that the Second Amended Complaint (Doc. 75) is properly before the Court;

3. **ORDER** Defendant Waldrop to file an Answer within the time prescribed by Rule 12(a); and

4. Grant any other relief deemed just and proper.

Respectfully submitted,

**/s/ Andrew Bryant Sheets**

Plaintiff, *Pro Se*

11408 Pepperdine Street

Punta Gorda, FL 33955

Email: deprivationofrightsunderlaw@gmail.com

**Date:** 12/17/2025

---

CERTIFICATE OF SERVICE THRU THE COURT COMPUTER SYSTEM

**DAVID JADON**

255 S. Orange Avenue, Suite 750

Orlando, FL 32801

Tel: 407-897-5150

Fax: 407-897-3332

djadon@roperpa.com

**J. Andrew Talbert, Esq.**

**Attorney for Defendant, Michelle Maldonado – Flores**

**Atalbert@qpwblaw.com**

**Diane.longoria@qpwblaw.com**

**Jacob J. Liro, Esq.**

**Attorney for Defendant, Ron Janz**

**JLiro@wichersmith.com**