UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

    v.

MATTHEW WOELK, IN
PERSONAL CAPACITY;  CITY OF
PUNTA GORDA, CAPACITY; AND
CODY WALDROP, IN PERSONAL
CAPACITY;

      Defendants,

Case No. 2:25-cv-61-KCD-DNF

                                  /

## **ORDER**

Plaintiff Andrew Bryant Sheets objects to Magistrate Judge Douglas Frazier's order denying his requests to conduct remote Zoom depositions, maintain personal recordings of the proceedings, and cap his own deposition at two hours. (Doc. 121.) Because Judge Frazier's rulings are firmly rooted in the Federal Rules of Civil Procedure and sound practical judgment, the objections are **OVERRULED**.

Non-dispositive orders from a magistrate judge, like at issue here, are reviewed for clear error. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a

mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

Take the deposition time limit first. Sheets asked the Court to override the standard rules and limit his deposition to two hours. Judge Frazier said no, pointing out that Rule 30(d)(1) limits a deposition to "one day of seven hours." (Doc. 120 at 3.) When a magistrate judge enforces the express default limit written directly into the Federal Rules, that decision can hardly be called contrary to law. And given the breadth of Sheets's constitutional and conspiracy claims against multiple defendants, affording the defense the standard allotment of time to question him is not a clear error.

The remaining objections concern logistics: whether the depositions must be conducted in person, and whether Sheets can run his own recording devices during them. (Doc. 121 at 2-4.) Rule 30(b)(4) provides that a deposition can be taken by remote means, but only by party stipulation or by court order. It is not an absolute right. *See* Fed. R. Civ. P. 30(b)(4). Surveying the docket, Judge Frazier noted the contentious nature of the proceedings and concluded that in-person depositions managed by a certified court reporter were required to maintain an orderly, unimpeachable record. (Doc. 120 at 2-3.) Consequently, he ruled that the only recording of the depositions

will be done by that certified reporter, prohibiting Sheets from bringing his own video or audio equipment. (*Id.*)

Judge Frazier's conclusions are not a mistake of law—they are classic exercises of judicial discretion. Magistrate judges are uniquely positioned to assess the temperature of a case and implement ground rules to prevent discovery from devolving into a sideshow. Ensuring an official, neutral record is paramount in high-conflict litigation. Judge Frazier applied the correct rules and weighed the appropriate factors in reaching his decision.

After reviewing the record, the Court finds no reason to modify or set aside Judge Frazier's order under Rule 72(a). It is so **ORDERED** in Fort Myers, Florida on April 9, 2026.


Kyle C. Dudek
United States District Judge