UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                                                    Case No. 2:25-cv-61-KCD-KRH

MATTHEW WOELK, et al.

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff Andrew Bryant Sheets's Motion to Compel Discovery Responses and Reopen Discovery for a Limited Purpose. (Doc. 136). Defendants City of Punta Gorda, Officer Matthew Woelk, and Officer Waldrop filed a Response in Opposition. (Doc. 140). As discussed below, the Court denies the motion.

## Background

This action arises from Sheets's civil-rights claims against the City of Punta Gorda and various police officers. The Court's Case Management and Scheduling Order set a discovery deadline of April 3, 2026, and required any motion to compel to be filed by that same date. (Doc. 50 at 3).

On March 15, 2026, Sheets served a fourth set of discovery requests on the City and additional requests on Woelk and Waldrop. A standard thirty-day response period would have made responses due April 14, 2026—eleven days after

the discovery deadline. Defendants objected to each request as untimely, pointing to the Case Management Scheduling Order and the Middle District Discovery Handbook. Sheets received no substantive responses.

Sheets moved to compel on April 22, 2026, nineteen days after the discovery deadline. (Doc. 136). He asks the Court to overrule Defendants' objections, deem them waived, deem his requests for admission admitted, reopen discovery for thirty to sixty days, and award fees. In the alternative, he asks for authority to issue third-party subpoenas. Defendants oppose on timeliness and diligence grounds and ask for their own fees. (Doc. 137).

## Legal Standard

When this Court enters CMSOs with clear deadlines and expectations, it means what it says. *See, e.g.*, *Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-cv-474-SPC-NPM, 2021 WL 5505378, at *2-3 (M.D. Fla. Nov. 24, 2021). Along with the CMSO and innumerable orders over the years, the Civil Discovery Handbook lays out this understanding in no uncertain terms:

> The Court ordinarily sets a discovery completion date through its [CMSO] . . . . The Court follows the rule that the completion date means that all discovery must be completed by that date. . . . Untimely discovery requests are subject to objection on that basis. Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.

Middle District Discovery (2021) at § I.F.; *see also Small v. Amgen, Inc.*, No. 2:12-cv-476-FTM-PAM-MRM, 2017 WL 5443912, at *1-2 (M.D. Fla. Feb. 15, 2017) (While not binding, the Discovery Handbook "is highly persuasive" and expresses

2

the "generally acceptable discovery practice" here.).

## Discussion

To begin, this is not Sheets's first attempt to reopen discovery after a court-ordered deadline has passed. *See Sheets v. Williams*, No. 2:24-cv-943-SPC-NPM, Doc. 144 (M.D. Fla. Apr. 23, 2026) (Mizell, J.). Still, each case stands on its own, and the Court decides this motion on its own record.

Sheets's motion falls short for three interrelated reasons: (1) the motion itself is untimely; (2) the requests it seeks to compel were untimely served; and (3) Sheets has not shown good cause to reopen discovery. The Court addresses each in turn.

### A.   Timeliness of the Motion

The deadline to move to compel was April 3, 2026 (Doc. 50). Sheets filed this motion on April 22, 2026—nineteen days late. That is enough to deny the motion without more. *E.g.*, *Tripro Consulting, LLC v. CACI, Inc.*, No. 6:23-cv-568-JSS-DCI, 2024 WL 3877434, at *1 (M.D. Fla. Aug. 20, 2024) ("Courts routinely deny motions to compel as untimely when they are submitted after the discovery deadline."); *El-Saba v. Univ. of S. Ala.*, 738 F. App'x 640, 645-46 (11th Cir. 2018) (affirming denial of a motion filed nearly two weeks after discovery closed).

### B.   Timeliness of the Requests

Even past the motion's own defect, the requests behind it were untimely too. Sheets served Defendants his *fourth* set of discovery requests on March 15, 2026, nineteen days before the discovery deadline. (Doc. 140 at 1). A normal thirty-day

response period had no way to lapse before April 3. Defendants said so, and they were right. (Doc. 50 at 3) ("Discovery requests are untimely if the notice or response period provided by rule expires after the discovery deadline.")

## C.   Good Cause

Sheets has also failed to show good cause required to modify the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). To satisfy this good-cause standard, a party must show that, despite his diligence, he cannot meet the scheduled deadlines. *See* Fed. R. Civ. P. 16, advisory committee's note to 1983 amendment; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Sheets's diligence argument is one sentence: he "timely served written discovery within the discovery period." (Doc. 136 at 6). That's not diligence. That's just service. It says nothing about why Sheets waited nearly a year into discovery, and after three earlier rounds of requests, to serve a fourth set with no time left for a response. Sheets offers no explanation, no timeline, nothing beyond the bare assertion. That will not carry his burden. Because Sheets was not diligent, the inquiry ends there. *Johnson*, 975 F.2d at 609.

What's more, reopening discovery now would also cost Defendants something real as they have already moved for summary judgment and filed supporting affidavits. (Doc. 138). Briefing on that motion is complete, and Defendants built their arguments on the record as it existed at the close of

4

discovery. Reopening discovery at this point would force Defendants to either withdraw and refile their motion or litigate summary judgment against a moving target caused by Sheets's own delay. That prejudice, layered on top of Sheets's failure to show diligence, forecloses good cause. The motion is denied on this ground too.

Sheets's alternative request for subpoena authority fares no better than the rest of his motion. (Doc. 136 at 9). It is, at bottom, the same request to reopen discovery. Sheets again offers no particularized showing to support it: no identification of what records he needs nor what the associated fees are. And for the same reasons discovery will not reopen, the Court will not issue subpoena authority at this late stage either. That request is denied.

Both sides ask for fees under Rule 37(a)(5)(B). Before awarding expenses, the rule requires an opportunity to be heard. Defendants may file a memorandum on fees, not to exceed five pages, within fourteen days of this Order. Sheets may respond, not to exceed five pages, within fourteen days after that.

**ORDERED:**

1.    Plaintiff's Motion to Compel Discovery Responses and to Reopen Discovery for a Limited Purpose (Doc. 136) is **DENIED**.

2.    Defendants' request for fees and costs under Rule 37(a)(5)(B) is taken under advisement pending the briefing set out above.

In Fort Myers, Florida on July 17th, 2026.

Kevin R. Huguelet
United States Magistrate Judge