UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

Case No. 2:25-cv-00061-KCD-KRH

v.

MATTHEW WOELK, IN PERSONAL CAPACITY; CITY OF PUNTA GORDA, CAPACITY; AND CODY WALDROP, IN PERSONAL CAPACITY;

Defendants,

_________________________________/

**ORDER**

Plaintiff Andrew Bryant Sheets lost this case. (*See* Doc. 152.)[1] He now wants a new judge and seeks recusal under 28 U.S.C. § 455(a). (Doc. 157.) He does not allege any improper *ex parte* communications, financial conflicts, or outside prejudices. Instead, his complaint boils down to a single grievance: he is unhappy with the Court's decisions. Pointing to a "cumulative progression" of adverse substantive and procedural rulings across his several lawsuits, Sheets insists that a reasonable observer would question the undersigned's impartiality. (*Id.* at 1.)

His arguments are not well taken. The law demands much more to force a judge off a case. Section 455(a) requires a judge to step aside "in any

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

proceeding in which his impartiality might reasonably be questioned." *Id.* The Supreme Court, however, has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). When the only evidence of bias is the judge's orders, they must display a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Ordinary efforts at courtroom administration and everyday legal rulings are immune from this kind of attack. "[A]dverse rulings provide grounds for an appeal, not a recusal." *Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015).

Sheets's motion falls well short of this standard. What he labels a "cumulative progression" of bias is really just a string of routine—albeit adverse—legal determinations. Because nothing in the record reflects the kind of deep-seated antagonism required to question this Court's impartiality, the motion to disqualify (Doc. 157) is **DENIED**.

**ORDERED** in Fort Myers, Florida on August 14, 2026.



Kyle C. Dudek
United States District Judge