**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ANDREW BRYANT SHEETS,

Plaintiff,

v. Case No. 2:25-cv-61-KCD-KRH

MATTHEW WOELK, CODY WALDROP, and CITY OF PUNTA GORDA,

Defendants.
_____________________________/

# ORDER

This matter is before the Court on Plaintiff's Objection (Doc. 161) to Defendants' Proposed Bill of Costs (Doc. 159). Defendants did not respond. As explained below, the objection is overruled and sustained in part.

Plaintiff filed various versions of his pleading to set out his claims. (Docs. 1; 37; 75). After rounds of dispositive motions, only those Defendants identified above remained. The Court then granted them summary judgment, closed the case, and entered judgment. (Docs. 152; 154). Two weeks later, Defendants filed the proposed bill—seeking $2,229.85. (Doc. 159).

The Rules provide that costs "should be allowed to the prevailing party" unless a federal statute or court order directs otherwise. Fed. R. Civ. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen.*

*Revenue Corp.*, 568 U.S. 371, 377 (2013). Congress limited this discretion by allowing costs only for certain enumerated items:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Allowable costs are "narrow" and "modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

The initial burden to establish costs and entitlement rests with the winner. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). After meeting that burden, however, costs are presumed and overcoming that presumption is hard. *E.g.*, *Ebrahimi v. Siddiqui*, 113 F.4th 762, 766 (7th Cir. 2024); *see also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."). So the burden shifts to see if the loser can make "an affirmative showing that taxed costs are not appropriate." *E.g.*, *Crosby v. City of Chi.*, 949 F.3d 358, 363-64 (7th Cir. 2020) (citation omitted).

Defendants seek costs for a deposition transcript and its associated charges,

totaling $2,229.85. (Doc. 159) Plaintiff objects to the proposed bill of costs, arguing that he should not be taxed on charges for the court reporter and video pages. He also says any costs should be reduced, given Plaintiff's financial condition.

As to the court reporter appearance charges in the amount of $665, that fee should be awarded. "The majority of courts in this district and the appellate courts which have addressed the issue have found the court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014), *R&R adopted*, 2022 WL 1320410 (May 3, 2022); *Siemens Energy, Inc. v. MidAmerica C2L Inc.*, No. 6:17-cv-171-ORL-40-LRH, 2020 WL 10457660, at *6 (M.D. Fla. June 19, 2020), *R&R adopted*, 2020 WL 10457659 (July 6, 2020) (collecting cases). These are customary fees that a litigant must pay to obtain a transcript of the deposition. So it often follows any necessary depositions—like deposing Plaintiff here.

What's more, the Court finds the rate of $95 for the first hour reasonable. *See Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090 (S.D. Fla. May 3, 2022), *R&R adopted*, 2022 WL 1605333 (May 20, 2022) (allowing recovery of court reporter attendance fee at $95 for the first hour). The Court likewise finds the $95 for each additional hour reasonable. The appearance fees are, therefore, awarded. And Plaintiff's objection is overruled in part.

That said, Plaintiff has a point on the video pages. He argues that "Defendants should therefore be required to establish what 'Video Pages' means and why this particular charge was reasonably necessary to this litigation rather

than merely convenient." (Doc. 161 at 4). The Court agrees, particularly given Defendants' failure to respond. *See Rollock v. Gate Gourmet, Inc.*, No. 24-cv-61661, 2026 WL 1458292, at *4-5 (S.D. Fla. Apr. 29, 2026) ("At the very least, Defendants have failed in its Motion (and lack of reply) to explain why any of these expenses were reasonably necessary for the case rather than for the convenience of counsel."). The unexplained costs of video pages (i.e., $144.60) are, therefore, eliminated.

As it relates to his request to consider his financial status, the Court declines. While a judge can consider a losing party's financial status, she "need not" do so. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc); *see also Marx*, 568 U.S. at 387 n.9. In fact, "Even in those *rare circumstances* where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039 (emphasis added). The Court declines to consider Plaintiff's finances in relation to taxing costs.

Even if it did, Plaintiff's position fails to provide a sound basis to overcome the strong presumption for Defendants to recover costs. *See Crosby*, 480 F.3d at 1276; *Gay v. Airtran Airways, Inc.*, 427 F. App'x 743, 744 (11th Cir. 2011). Eliminating presumed costs is generally a "penalty" against the winner for some defect in its litigation. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citation omitted). The Court sees no deficiency in the record attributable to Defendants that would justify reducing costs to which they are

presumptively entitled. Quite the opposition, Plaintiff has filed many cases against Defendants (or others somewhat similarly situated)—resulting in an untold amount of attorney's fees. So as it relates to his financial status, Plaintiff has not established a sound basis to reduce the modest costs that Defendants seek here.

In the end, the total recoverable costs are $2,085.25.

**ORDERED**:

1. Plaintiff's Objection (Doc. 161) to Defendants Matthew Woelk, Cody Waldrop, and City of Punta Gorda's Proposed Bill of Costs is **OVERRULED and SUSTAINED IN PART**.

2. Defendants Matthew Woelk, Cody Waldrop, and City of Punta Gorda shall file a revised Bill of Costs for a total of **$2,085.25** within **seven (7) days** of this Order.

3. The Clerk shall tax costs based on the revised Bill of Costs.

In Fort Myers, Florida on September 25th, 2026.

Kevin R. Huguelet
United States Magistrate Judge